# Exhibit A

**Exhibit A**

ORIGINAL

1  Matthew J. McWilliams (#031014)
2  **Attorney at Law**
   18614 E. Oriole Way
3  Queen Creek, AZ 85142
   titleco@sbcglobal.net
4  (480)559-3684
5  *Attornes for Plaintiff*

6
7           **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
8              **IN AND FOR THE COUNTY OF MARICOPA**

9  Roseanne Kennerley,                    Case No.  CV2014-095798

10        Plaintiff,                       **SUMMONS**

11 vs.

12                                         (Assigned to: Honorable Judge          )
   Ideal Image of Arizona, L.L.C.,
13 Oasis Outsourcing V, Inc.,

14
        Defendants.
15

16
17 **FROM THE STATE OF ARIZONA TO:**

18      **Corporate Creations Network,**
        **Statutory Agent for Ideal Image of Arizona, L.L.C.**
19      **8655 E. Via De Ventura STE G200**
20      **Scottsdale, Arizona 85258**

21
22      **YOU ARE HEREBY SUMMONED** and required to appear and defend, within
   the time applicable in this action in this Court.  **If served within Arizona, you shall**
23 **appear and defend within 20 days after the Service of the Summons and Complaint**
   **upon you, exclusive of the day of service.**  If served out of the State of Arizona –
24 whether by direct service, by registered or certified mail, or by publication – you shall
25 appear and defend within 30 days after the service of the Summons and Complaint upon
   you is complete, exclusive of the day of service.  Where process is served upon the
26 Arizona Director of Insurance as an insurer's attorney to receive service of legal process
   against it in this state, the insurer shall not be required to appear, answer or plead until
27 expiration of 40 days after date of such service upon the Director.  Service by registered
28 or certified mail without the State of Arizona is complete 30 days after the date of filing

                                      1

198352.1

1    the receipt and affidavit of service with the Court. Service by publication is complete 30
2    days after the date of first publication. Direct service is complete when made. Service
     upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the
3    Affidavit of Compliance and return receipt or Officer's Return. **ARCP 4; ARS §§ 20-**
4    **222, 28-502, 28-503.**

5        **YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and
   defend within the time applicable, judgment by default may be rendered against you for
6    the relief demanded in the Complaint.

7        **YOU ARE CAUTIONED** that in order to appear and defend, you must file an
8    Answer or proper response in writing with the Clerk of this Court, accompanied by the
   necessary filing fee, within the time required, and you are required to serve a copy of
9    any Answer or response upon the Plaintiff's attorney. **ARCP 5 and 10(d); ARS §12-**
10    **311.**

11        The name and address of Plaintiff's attorney is:

12                Matthew J. McWilliams (#031014)
13                **Attorney at Law**
                18614 E. Oriole Way
14                Queen Creek, AZ 85142
15                titleco@sbcglobal.net
                (480)559-3684
16

17        Request for reasonable accommodations for persons with disabilities must be
   made to the division assigned to the case by parties at least three (3) judicial days in
18    advance of a scheduled court proceeding.

19

20

21    . . .                               SEP 2 3 2014

22    SIGNED AND SEALED this date: _____

23
     **MICHAEL K. JEANES, CLERK**      Clerk of the Court
24

25                                    By: _R.Maxwell_____
26                                    Deputy Clerk
27                                           R. Maxwell
28                                           Deputy Clerk

198352.1

SEP 2 3 2014

DEPUTY CLERK

Matthew J. McWilliams
Attorney at Law
AZ Bar No. 031014
18614 E. Oriole Way
Queen Creek, Arizona 85142
T: (501) 515-0038

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## MARICOPA COUNTY

| | |
|---|---|
| Roseanne Kennerley, | Case No. |
| Plaintiff, | CV2014-095798 |
| vs. | **Complaint** |
| Ideal Image of Arizona, L.L.C.,<br>Oasis Outsourcing V, Inc., | |
| Defendants. | |

Comes now Roseanne Kennerley (hereinafter "Plaintiff") by and through her attorney,

Matthew J. McWilliams, and for her Complaint against the Ideal Image of Arizona, LLC and

Oasis Outsourcing V, Inc., hereinafter "Defendants", alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over all causes of action asserted herein pursuant to

   Article VI § 14 of the Arizona Constitution, because this case is a cause not given by

   statute to other trial courts.

1

## FACTUAL ALLEGATIONS

9.  Plaintiff, Roseanne Kennerley was employed by Ideal Image of Arizona, LLC and/or Oasis Outsourcing V, Inc. from July 28, 2009 until September 24, 2013.

10. On September 24, 2013, Roseanne Kennerley, Plaintiff was discharged from her employment as a Lead Consultant with Ideal Image of Arizona, LLC and/or Oasis Outsourcing V, Inc.

11. Defendants by and through their employee/agent Charles Donaldson stated the reason for the termination was violation of policy for unauthorized use or misuse of company equipment, time, materials, or facilities; and improper use or breach of confidentiality, trust, and/or disclosure of company or personnel information.

12. Defendants stated to Plaintiff upon termination that the conduct of selling or soliciting to customers Xervo, a diet/fat burning drink, was the policy violation and reason for her termination.

13. Plaintiff denied Defendants' allegation of soliciting customers of the Defendants to buy Xervo.

14. Plaintiff denied Defendants' allegation that she misused company resources or breached confidentiality as alleged by Defendants.

15. Plaintiff applied for and was denied unemployment benefits by the Arizona Department of Economic Security, Unemployment Insurance Administration on December 13, 2013. The basis of which was A.R.S. 23-775.2 Misconduct: Violation of Company Rule, A.A.C. R6-3-51485.A.

16. Plaintiff appealed the denial benefits by the Arizona Department of Economic Security.

17. Hearing date for the appeal was set for Monday, January 13, 2014.

3

2. This Court has jurisdiction over all Defendants because all Defendants are corporations, or companies organized under the law of the State of Arizona or are a foreign corporation transacting business in the State of Arizona sufficient to satisfy jurisdictional requirements.

3. Venue is proper because the causes of action stated herein arose by acts that occurred in Maricopa County.

**PARTIES**

4. Plaintiff, Roseanne Kennerley ("Plaintiff") is an individual who resides in Maricopa County, State of Arizona.

5. Defendant, Oasis Outsourcing V, Inc. is incorporated entity conducting business in the State of Arizona, Maricopa County.

6. Defendant, Ideal Image of Arizona, L.L.C. is a foreign limited liability company performing laser hair removal services in Maricopa County, State of Arizona.

7. There may unknown defendants that are corporations, subsidiary corporations, and/or business formations that wholly and/or partially own, lease, lease to or operate Ideal Image laser hair removal centers. Pursuant to Ariz. R. Civ. P., Rule 10(f), these unknown defendants are identified as Corporations A-Z and their true names will be identified through discovery. Once the true names are discovered, the Compliant will be amended accordingly.

8. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, each of the Defendants sued herein was the agent and employee of each of the remaining Defendants and was at all times acting within the purpose and scope of such agency and employment. (Pleading General Agency)

2

18. Defendants produced no evidence at the appeal to support its allegations of misconduct by the Plaintiff.

19. Plaintiff won her appeal with Arizona Department of Economic Security and unemployment benefits were ordered.

20. Defendants implemented a new sales promotion on or about September 1, 2013. This promotion called for "free treatments" when in fact it was a bait and switch ploy to find and retain customers.

21. Plaintiff had concerns that the new promotion/tactic was unethical, unprofessional, deceptive, fraudulent, and/or unlawful. Other employees expressed similar concerns to the Plaintiff.

22. Plaintiff expressed these concerns to management and was terminated from her employment with Defendants after expressing her concerns and refusal to participate in such practices.

23. Plaintiff alleges her termination was not for violation of company policy, but rather in retaliation for expressing a reasonable concern that the current marketing was unethical, unprofessional, deceptive, fraudulent, and/or unlawful. (Whistle-Blowing Retaliation)

24. Defendants terminated the Plaintiff in violation of Ariz. Rev. Stat. § 23-1501(3)(c)(i)and (ii).

25. Defendants have defamed Plaintiff by falsely accusing her of conduct in paragraphs 10 and 11 above, and published those statements to employees of Ideal Image of Arizona, LLC and Oasis Outsourcing V, Inc.

26. Defendants also published those statements to the Arizona Department of Economic Security which in turn caused unemployment benefits to be denied.

4

27. Plaintiff has been subject to self-publication of Defendants' defamatory statements regarding termination of her employment in subsequent job interviews.

28. Defendants failed to determine the accuracy of its allegations against the Plaintiff.

29. Defendants' defamatory statement has damaged Plaintiff's ability to find employment.

30. Plaintiff has suffered loss of income, future income, damage to her reputation and standing in the community, physical and emotional distress due to Defendants wrongful termination of the Plaintiff and defamatory statements about Plaintiff's conduct.

WHEREFORE, Plaintiff prays for judgment against Defendants:

1.  For wrongful termination of employment and damages to be awarded for job reinstatement, back pay, compensation for stress and suffering, loss of future income, punitive damages any and all other damages Plaintiff is entitled to and further relief the Court may deem proper.

2.  For defamation (libel and slander per se) or alternatively defamation (libel and slander per quod) and thereby loss of income, compensation for stress and suffering, punitive damages and all other damages Plaintiff is entitled to and further relief as the Court may deem proper.

Respectfully submitted this 23nd day of September, 2014.

By: _____

Matthew J. McWilliams
Attorney for Plaintiff
AZ Bar No. 031014

5

JAN 0 6 2015

Michael K Jeanes, Clerk of Court
*** Electronically Filed ***
M. Ross, Deputy
1/26/2015 9:07:00 AM
Filing ID 6363896

L. Eric Dowell, SBN 011458
Sasha H. Meschkow, SBN 030017
Ogletree, Deakins, Nash, Smoak &
Stewart, P.C., SBN 00504800
Esplanade Center III, Suite 800
2415 East Camelback Road
Phoenix, AZ 85016
Telephone:  602.778.3700
Fax:  602.778.3750
eric.dowell@ogletreedeakins.com
sasha.meschkow@ogletreedeakins.com

Attorneys for Defendants Ideal Image of
Arizona, L.L.C., and Oasis Outsourcing V, Inc.

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Roseanna Kennerley, | Case No.  CV2014-095798 |
| Plaintiff, | **STIPULATION AND JOINT MOTION TO EXTEND DEADLINE TO RESPOND TO COMPLAINT** |
| v. | |
| Ideal Image of Arizona, L.L.C., Oasis Outsourcing V, Inc. | (First Request) |
| Defendants. | (Assigned to: Honorable David Udall) |

The parties, by and through undersigned counsel, stipulate and jointly move the Court to extend the deadline for Defendants Ideal Image of Arizona, L.L.C. and Oasis Outsourcing V, Inc. to respond to Plaintiff's Complaint to February 6, 2015. A proposed form of order is submitted herewith.

RESPECTFULLY SUBMITTED this 26th day of January, 2015.

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Esplanade Center III, Suite 800
2415 East Camelback Road
Phoenix, AZ 85016
Telephone: 602.778.3700

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Esplanade Center III, Suite 800
2415 East Camelback Road
Phoenix, AZ 85016
Telephone: 602.778.3700

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By:     s/L. Eric Dowell
            L. Eric Dowell
            Sasha Meschkow
            Esplanade Center III, Suite 800
            2415 East Camelback Road
            Phoenix, AZ 85016
            Attorneys for Defendants Ideal Image of Arizona, L.L.C. and Oasis Outsourcing V, Inc.


MATTHEW J. MCWILLIAMS, ATTORNEY AT LAW

By:     s/Matthew J. McWilliams
            Matthew J. McWilliams
            18614 E. Oriole Way
            Queen Creek, AZ 85142
            Attorneys for Plaintiff Roseanne Kennerley

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of January, 2015, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants. I also hereby certify that on the 26th of January, 2015, I also served the attached document by U.S. Mail on:

Matthew J. McWilliams
18614 E. Oriole Way
Queen Creek, AZ 85142
Attorney for Plaintiff


s/Emily Waldenberger

20099407.1

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Esplanade Center III, Suite 800
2415 East Camelback Road
Phoenix, AZ 85016
Telephone: 602.778.3700

3

Granted as Submitted
***See eSignature page***

Michael K Jeanes, Clerk of Court
*** Electronically Filed ***
K. Tiero, Deputy
1/28/2015 8:00:00 AM
Filing ID 6366636

1  L. Eric Dowell, SBN 011458
   Sasha H. Meschkow, SBN 030017
2  Ogletree, Deakins, Nash, Smoak &
   Stewart, P.C., SBN 00504800
3  Esplanade Center III, Suite 800
   2415 East Camelback Road
4  Phoenix, AZ 85016
   Telephone: 602.778.3700
5  Fax: 602.778.3750
   eric.dowell@ogletreedeakins.com
6  sasha.meschkow@ogletreedeakins.com

7  Attorneys for Defendants Ideal Image of
   Arizona, L.L.C., and Oasis Outsourcing V, Inc.
8

9
                **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
10
                **IN AND FOR THE COUNTY OF MARICOPA**
11

12 | Roseanna Kennerley,                          | Case No. CV2014-095798
13 |                   Plaintiff,                  |
14 |        v.                                     | **ORDER EXTENDING DEADLINE TO RESPOND TO COMPLAINT**
15 | Ideal Image of Arizona, L.L.C., Oasis         |
16 | Outsourcing V, Inc.                           | (Assigned to: Honorable David Udall)
17 |                   Defendants.                 |
18

19         Pursuant to the Stipulation and Joint Motion to Extend Deadline to Respond to

20 Complaint on file herein and good cause shown therefor,

21         IT IS HEREBY ORDERED that Defendants Ideal Image of Arizona, L.L.C. and

22 Oasis Outsourcing V, Inc. have through and including February 6, 2015 to respond to

23 Plaintiff's Complaint.

24         DATED this _____ day of January, 2015.

25

26                                        _____
27                                        Honorable David Udall
28

                                                                        20099855.1

# eSignature Page 1 of 1

Filing ID: 6366636   Case Number: CV2014-095798
Original Filing ID: 6363896

**Granted as Submitted**



/S/ David Udall Date: 1/27/2015

Judicial Officer of Superior Court

**ENDORSEMENT PAGE**

CASE NUMBER: CV2014-095798                    SIGNATURE DATE: 1/27/2015

E-FILING ID #: 6366636                        FILED DATE: 1/28/2015 8:00:00 AM


L ERIC DOWELL


MATTHEW J. MCWILLIAMS

Michael K Jeanes, Clerk of Court
*** Electronically Filed ***
E. Hailes, Deputy
2/6/2015 10:02:00 AM
Filing ID 6390013

1  L. Eric Dowell, SBN 011458
   Sasha H. Meschkow, SBN 030017
2  Ogletree, Deakins, Nash, Smoak &
   Stewart, P.C., SBN 00504800
3  Esplanade Center III, Suite 800
   2415 East Camelback Road
4  Phoenix, AZ 85016
   Telephone: 602.778.3700
5  Fax: 602.778.3750
   eric.dowell@ogletreedeakins.com
6  sasha.meschkow@ogletreedeakins.com

7  Attorneys for Defendants Ideal Image of
   Arizona, L.L.C., and Oasis Outsourcing V, Inc.
8

9          **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

10             **IN AND FOR THE COUNTY OF MARICOPA**

11  Roseanna Kennerley,                    Case No.  CV2014-095798

12              Plaintiff,                  **STIPULATION AND JOINT
                                            MOTION TO EXTEND DEADLINE
13      v.                                  TO RESPOND TO COMPLAINT**

14  Ideal Image of Arizona, L.L.C., Oasis   (Second Request)
15  Outsourcing V, Inc.                     (Assigned to: Honorable David Udall)

16              Defendants.
17

18

19          Plaintiff's counsel has indicated to Defendants that Plaintiff intends to amend her

20  Complaint on or about February 13, 2015.  The parties, by and through undersigned

21  counsel, stipulate and jointly move the Court to extend the deadline for Defendants Ideal

22  Image of Arizona, L.L.C. and Oasis Outsourcing V, Inc. to respond to Plaintiff's

23  Complaint or Amended Complaint to February 27, 2015. A proposed form of order is

24  submitted herewith.

25          RESPECTFULLY SUBMITTED this 6th day of February, 2015.

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.


By:   s/L. Eric Dowell
      L. Eric Dowell
      Sasha Meschkow
      Esplanade Center III, Suite 800
      2415 East Camelback Road
      Phoenix, AZ  85016
      Attorneys for Defendants Ideal Image of
      Arizona, L.L.C. and Oasis Outsourcing V,
      Inc.


MATTHEW  J.  MCWILLIAMS,  ATTORNEY
AT LAW

By:    s/Matthew J. McWilliams
      Matthew J. McWilliams
      18614 E. Oriole Way
      Queen Creek, AZ 85142
      Attorneys for Plaintiff Roseanne
      Kennerley

2

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of February, 2015, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants.  I also hereby certify that on the 6th of February, 2015, I also served the attached document by U.S. Mail on:

Matthew J. McWilliams
18614 E. Oriole Way
Queen Creek, AZ 85142
Attorney for Plaintiff


s/Emily Waldenberger

20258979.1

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Esplanade Center III, Suite 800
2415 East Camelback Road
Phoenix, AZ 85016
Telephone: 602.778.3700

**Granted as Submitted**
***See eSignature page***

Michael K Jeanes, Clerk of Court
*** Electronically Filed ***
K. Tiero, Deputy
2/10/2015 8:00:00 AM
Filing ID 6392598

1  L. Eric Dowell, SBN 011458
   Sasha H. Meschkow, SBN 030017
2  Ogletree, Deakins, Nash, Smoak &
   Stewart, P.C., SBN 00504800
3  Esplanade Center III, Suite 800
   2415 East Camelback Road
4  Phoenix, AZ 85016
   Telephone: 602.778.3700
5  Fax: 602.778.3750
   eric.dowell@ogletreedeakins.com
6  sasha.meschkow@ogletreedeakins.com

7  Attorneys for Defendants Ideal Image of
   Arizona, L.L.C., and Oasis Outsourcing V, Inc.
8

9
10          **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

11             **IN AND FOR THE COUNTY OF MARICOPA**

12  Roseanna Kennerley,                    Case No. CV2014-095798

13              Plaintiff,
                                           **ORDER EXTENDING DEADLINE**
14       v.                                **TO RESPOND TO COMPLAINT**

15  Ideal Image of Arizona, L.L.C., Oasis
16  Outsourcing V, Inc.                    (Assigned to: Honorable David Udall)

17              Defendants.

18

19        Pursuant to the Stipulation and Joint Motion to Extend Deadline to Respond to

20  Complaint on file herein and good cause shown therefor,

21        IT IS HEREBY ORDERED that Defendants Ideal Image of Arizona, L.L.C. and

22  Oasis Outsourcing V, Inc. have through and including February 27, 2015 to respond to

23  Plaintiff's Complaint or Amended Complaint.

24              DATED this _____ day of February, 2015.

25

26                                         _____

27                                         Honorable David Udall

28

                                                                        20259045.1

# eSignature Page 1 of 1

Filing ID: 6392598   Case Number: CV2014-095798
Original Filing ID: 6390013

---

**Granted as Submitted**



/S/ David Udall Date: 2/9/2015
Judicial Officer of Superior Court

**ENDORSEMENT PAGE**

CASE NUMBER: CV2014-095798                    SIGNATURE DATE: 2/9/2015

E-FILING ID #: 6392598                        FILED DATE: 2/10/2015 8:00:00 AM


L ERIC DOWELL


MATTHEW J. MCWILLIAMS



Office Distribution

# SUPERIOR COURT OF ARIZONA
## MARICOPA COUNTY

**FILED**
02/25/2015
by Superior Court Admin
on behalf of Clerk of the
Superior Court

02/21/2015

COURT ADMINISTRATION

Ct. Admin
Deputy

**CASE NUMBER:** CV2014-095798

**Roseanne Kennerley**

**V.**

**Ideal Image Of Arizona L L C**

---

The Judge assigned to this action is the Honorable David K. Udall

### 150 DAY ORDER

This action was filed more than 150 days ago. If there is any conflict between this order and any order from the assigned judge, the assigned judge's order governs. This order provides notice of requirements, pursuant to Rule 38. l, Arizona Rules of Civil Procedure. Rule 38. l applies to all civil actions including those cases subject to and in arbitration, except cases listed under Rule 16 (b) Arizona Rules of Civil Procedure.

IT IS HEREBY ORDERED:

Rule 38. l will be strictly enforced. The parties shall e-file the following documents:

1.   A Joint Report and Proposed Joint Scheduling Order, Rule 16 (b) (c) or an Appeal from Arbitration on or before 6/19/2015  12:00:00AM.  If Rule 38.1 is not complied with, the case will be placed on the Dismissal Calendar on the date shown above and it will be dismissed pursuant to Rule 38.1(f) without  further notice, on or after 8/19/2015  12:00:00AM. *

2.   All parties shall submit their specific objections to witnesses and exhibits listed by other parties in the Joint Pretrial Statement.  Reserving all objections to witnesses or exhibits until time of trial will not be permitted.

IF THIS IS AN ARBITRATION CASE.  If this case is subject to mandatory arbitration, Rule 74 (b) of the Arizona Rules of Civil Procedure establishes the time for beginning the arbitration hearing.  In light of the deadlines established by Rule 38. l  (d), counsel should be sure that arbitrators are timely' appointed and that arbitrators complete the arbitration process within the time provided under Rule 38.1(f).  As Rule 77(a) of the Arizona Rules of Civil Procedure provides if parties wish to appeal the arbitration decision, they shall file an Appeal from Arbitration and Motion to Set for Trial within 20 days after either the filing of the award or the notice of the arbitrator's decision becomes an award under Rule 76(b), whichever comes first.



Office Distribution

# SUPERIOR COURT OF ARIZONA
# MARICOPA COUNTY

**FILED**
02/25/2015
by Superior Court Admin
on behalf of Clerk of the
Superior Court

02/21/2015

COURT ADMINISTRATION

Ct. Admin
Deputy

**CASE NUMBER:** CV2014-095798

**Roseanne Kennerley**

**V.**

**Ideal Image Of Arizona L L C**

---

EXTENSIONS OF TIME TO SERVE PROCESS.  If there has been an extension of time to serve the summons and complaint, (a) Rule 38. 1(f) still applies and (b) some parties and counsel may not receive a copy of this order.  Plaintiff should send copies to each of them and retain a copy of the transmittal letter.

ALTERNATIVE DISPUTE RESOLUTION.   Pursuant to Rule 1 6 (b), (c) Arizona Rules of Civil Procedures, counsel for the parties. or the parties if not represented by counsel shall confer regarding the feasibility of resolving the parties' dispute through alternative dispute resolution  methods such as mediation or arbitration with a mediator or arbitrator agreed to by the parties.  Counsel shall discuss with their clients the resolution of the dispute through an alternative dispute resolution method prior to the conference with opposing counsel.

*RELIEF FROM  RULE 38.1 DEADLINES;CONTINUANCES ON THE DISMISSAL CALENDAR. The rules require a Joint Report and Joint Scheduling Order within 270 days after the action is filed.

For good cause, the assigned judge may extend time for dismissal or continue the action on the Dismissal Calendar to an appropriate date. If an arbitration hearing has been held. or is set in the near future, the date of that hearing should be included in any motion to extend Rule 38.1 deadlines or to continue on the Dismissal Calendar. Stipulations to continue and delays for settlement negotiations are not good cause. Except in extraordinary cases, the court will not grant trial continuances bused on late discovery.

1  Jonathan A. Dessaules, State Bar No. 019439
   Rachel W. Maron, State Bar No. 016080
2  **DESSAULES LAW GROUP**
   5353 North 16th Street, Suite 110
3  Phoenix, Arizona 85016
   602.274.5400 tel.
4  602.274.5401 fax
   jdessaules@dessauleslaw.com
5  rmaron@dessauleslaw.com

6  Matthew J. McWilliams
   Attorney at Law
7  AZ Bar No. 031014
   18614 E. Oriole Way
8  Queen Creek, Arizona 85142
   T: (501) 515-0038
9

10 *Co-Counsel for Plaintiff*

11           IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

12              IN AND FOR THE COUNTY OF MARICOPA

13 ROSEANNE KENNERLY,

14           Plaintiff,                    No. CV2014-095798

15     vs.                                 **NOTICE OF APPEARANCE OF**
                                           **CO-COUNSEL FOR PLAINTIFF**
16 IDEAL IMAGE OF ARIZONA, L.L.C.; and
   OASIS OUTSOURCING V, INC.,
17
           Defendants.
18

19      PLEASE TAKE NOTICE that Jonathan A. Dessaules and Rachel W. Maron of the law

20 firm Dessaules Law Group enter their appearance as co-counsel of record, in addition to

21 Matthew J. McWilliams, for Plaintiff Roseanne Kennerly in the above-captioned matter.

22 Counsel formally requests that all notices and copies of any and all filings and/or notices of

23 hearing in the above-captioned matter be served on Mr. Dessaules, Ms. Maron, and Mr.

24 McWilliams and that the all of above-listed counsel be placed on the Master Mailing List.

25 ///

26 ///

1    DATED this 25th day of March 2015.

2                                    DESSAULES LAW GROUP

3

4                              By:   /s/ Jonathan A. Dessaules
                                     Jonathan A. Dessaules
5                                    Rachel W. Maron
                                     *Co-Counsel for Plaintiff*
6

7    COPY of the foregoing e-mailed
     and mailed this 25th day of March, 2015 to:
8

9    Matthew J. McWilliams
     Attorney at Law
     18614 E. Oriole Way
10   Queen Creek, Arizona 85142
     *Co-Counsel for Plaintiff*
11

12   L. Eric Dowell
     OGLETREE DEAKINS NASH SMOAK STEWART PC
13   2415 E Camelback Rd Ste 800
14   Phoenix, AZ 85016-9291
     eric.dowell@ogletreedeakins.com
15   *Attorney for Defendants*

16

17    /s/ Hilary Peters

18

19

20

21

22

23

24

25

26
                                     2

1  Jonathan A. Dessaules, State Bar No. 019439
   Rachel W. Maron, State Bar No. 016080
2  **DESSAULES LAW GROUP**
   5353 North 16th Street, Suite 110
3  Phoenix, Arizona 85016
   602.274.5400 tel.
4  602.274.5401 fax
   jdessaules@dessauleslaw.com
5  rmaron@dessauleslaw.com

6  Matthew J. McWilliams
   Attorney at Law
7  AZ Bar No. 031014
   18614 E. Oriole Way
8  Queen Creek, Arizona 85142
   T: (501) 515-0038
9

10  *Co-Counsel for Plaintiff*

11              IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

12              IN AND FOR THE COUNTY OF MARICOPA

13  ROSEANNE KENNERLY,

14          Plaintiff,                     No. CV2014-095798

15      vs.                                **NOTICE OF VOLUNTARY
                                           DISMISSAL OF DEFENDANT OASIS
16  IDEAL IMAGE OF ARIZONA, L.L.C.; and    OUTSOURCING V, INC.**
    OASIS OUTSOURCING V, INC.,
17
            Defendants.
18

19          Roseanne Kennerly, by and through undersigned counsel, and pursuant to Rule 41(a)(1)

20  of the Arizona Rules of Civil Procedure, hereby voluntarily dismisses, without prejudice, its

21  action against Defendant Oasis Outsourcing V, Inc. only.

22          DATED this 25th day of March 2015.

23                                         DESSAULES LAW GROUP

24
                                           By:   /s/ Jonathan A. Dessaules
25                                               Jonathan A. Dessaules
                                                 Rachel W. Maron
26                                               *Co-Counsel for Plaintiff*

COPY of the foregoing e-mailed
and mailed this 25th day of March, 2015 to:

Matthew J. McWilliams
Attorney at Law
18614 E. Oriole Way
Queen Creek, Arizona 85142
*Co-Counsel for Plaintiff*

L. Eric Dowell
OGLETREE DEAKINS NASH SMOAK STEWART PC
2415 E Camelback Rd Ste 800
Phoenix, AZ 85016-9291
eric.dowell@ogletreedeakins.com
*Attorney for Defendants*


   /s/ Hilary Peters

2

1 | Jonathan A. Dessaules, State Bar No. 019439
Rachel W. Maron, State Bar No. 016080
2 | **DESSAULES LAW GROUP**
5353 North 16th Street, Suite 110
3 | Phoenix, Arizona 85016
602.274.5400 tel.
4 | 602.274.5401 fax
jdessaules@dessauleslaw.com
5 | rmaron@dessauleslaw.com

6 | Matthew J. McWilliams
Attorney at Law
7 | AZ Bar No. 031014
18614 E. Oriole Way
8 | Queen Creek, Arizona 85142
(501) 515-0038
9 | titleco@sbcglobal.net

10 | *Co-Counsel for Plaintiff*

11 | IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

12 | IN AND FOR THE COUNTY OF MARICOPA

13 | ROSEANNE KENNERLEY,

14 |     Plaintiff,

No. CV2014-095798

15 |     vs.

**FIRST AMENDED COMPLAINT**

16 | IDEAL IMAGE OF ARIZONA, L.L.C., an
Arizona Limited Liability Company; JOHN
17 | DOES I-X; JANE DOES, I-X; and ABC
CORPORATIONS I-X,

18 |

19 |     Defendants.

20 |     Roseanne Kennerley ("Plaintiff") by and through undersigned counsel, alleges as follows

21 | for her Complaint against Ideal Image of Arizona, LLC ("Defendant"):

22 |                                    **PARTIES AND JURISDICTION**

23 |     1.      Plaintiff resides in Maricopa County, Arizona.

24 |     2.      Defendant Ideal Image of Arizona, LLC is a foreign limited liability company

25 | authorized to do business in and doing business in Maricopa County, Arizona.

26 |

3.     Defendant caused events to occur and committed actions in the several states where Plaintiff worked for Defendant, which are the subject of this Complaint.

4.     Defendants John Does I-X, Jane Does I-X, and ABC Corporations I-X (collectively, the "John Doe Defendants") are various individuals, corporations, officers, principals, affiliates, employees, partners, agents, or representatives of named Defendant who also committed actions that contributed to Plaintiff's damages alleged herein. The true names of the John Doe Defendants are unknown to Plaintiff at this time. At such time as their true names are ascertained, Plaintiff will seek leave of this Court to substitute them for their fictitious names.

5.     Jurisdiction and venue are proper in this Court.

**GENERAL ALLEGATIONS**

6.     Plaintiff was employed by Defendant from July 28, 2009 until September 24, 2013.

7.     During that time, Plaintiff worked as a Sales consultant, a Lead Sales Consultant, and a Traveling Sales Consultant. Plaintiff came to Arizona as a Traveling Sales Consultant in 2011 and then went back to being a Lead Sales Consultant at Defendant's location in Chandler, Arizona. In each of these positions, she was responsible for selling Defendants' laser hair removal services as well as other medical cosmetic services to customers.

8.     Plaintiff performed this sales work from Defendant's business locations across the country including but not limited to locations in Florida, Texas, Indiana, Washington, Oregon, Nevada, Idaho, Utah, and Arizona

9.     On or about September 24, 2013, Plaintiff was discharged from her position as a Lead Sales Consultant.  At the time of her termination, Plaintiff was working at Defendant's location in Chandler, Arizona.

2

1      10.     From the date she was hired by Defendant in 2009 until the beginning of 2013,

2 Plaintiff was paid an hourly rate plus a commission on her sales. The percentage she received as

3 commission increased if her total sales exceeded a certain amount.

4      11.     In 2013, Defendant changed Plaintiff's method of compensation from hourly to

5 salary.

6      12.     Throughout her employment with Defendant, Plaintiff often worked more than 40

7 hours in a workweek and sometimes worked as many as 60 hours in a workweek.

8      13.     In weeks when she failed to achieve a 67% close rate, Plaintiff was required to

9 work an entire extra day the following week with no pay.

10      14.     Plaintiff was never paid for the hours she spent traveling during her time as a

11 Traveling Sales Consultant.

12      15.     Plaintiff was required to attend all of Defendant's marketing events, which

13 occurred after regular business hours and was not paid for those additional hours.

14      16.     Defendant did not compensate Plaintiff for time spent attending required training

15 sessions.

16      17.     On or about September 1, 2013, Defendant began offering a sales promotion

17 offering "free" treatments to new customers.

18      18.     Plaintiff believed the advertised promotion was dishonest because it

19 misrepresented what was actually being offered. She was concerned that the new promotional

20 tactic was unethical, unprofessional, deceptive, fraudulent, and/or unlawful. Other employees

21 expressed similar concerns to the Plaintiff.

22      19.     Plaintiff expressed her concerns to management along with her belief that these

23 business practices violated Arizona law. Shortly thereafter, she was terminated.

24      20.     Defendant told her she was terminated because she violated company policy by

25 allegedly soliciting Defendant's customers to buy a diet/fat-burning product. Specifically,

26

1  Defendant claimed Plaintiff misused company equipment, time, materials, or facilities and/or

2  breached confidentiality by improperly disclosing company or personnel information.

3      21.     Plaintiff denies these allegations.

4      22.     Plaintiff's application for unemployment benefits was denied due to Defendant's

5  allegations regarding Plaintiff's improper conduct. Plaintiff appealed the denial of benefits. At

6  the hearing, Defendant was unable to produce any evidence to support their allegations of

7  misconduct and the denial was reversed.

8      23.     Upon information and belief, Defendant disclosed their allegations against

9  Plaintiff to other employees and possibly others.

10     24.     Plaintiff has also been forced to disclose the false allegations in subsequent job

11 interviews.

## COUNT I
### Violation of the Fair Labor Standards Act

14     25.     Plaintiff incorporates the foregoing allegations as though fully set forth herein.

15     26.     Defendant willfully failed to compensate Plaintiff for overtime hours worked as

16 required under the Fair Labor Standards Act (FLSA). 29 U.S.C. § 207.

17     27.     Defendant improperly classified Plaintiff as exempt from the FLSA's overtime

18 provisions. During most, if not all, of her employment with Defendant, Plaintiff was not exempt

19 from the FLSA's overtime requirement.

20     28.     As the direct result of Defendant's violation of the FLSA, Plaintiff suffered lost

21 wages. Plaintiff is entitled to recover her lost wages for the last three years plus liquidated

22 damages pursuant to 29 U.S.C. § 216(b).

## COUNT II
### Violation of Arizona Wage Act
### (A.R.S. §§ 23-350, *et seq.*)

25     29.     Plaintiff incorporates the foregoing allegations as though fully set forth herein.

26

4

30.     Defendant willfully failed to pay Plaintiff her wages due within the time required under A.R.S. § 23-353(A).

31.     As the direct result of Defendant's violation of the Arizona Wage Act, Plaintiff suffered lost wages. Plaintiff is entitled to recover her lost wages plus liquidated damages pursuant to A.R.S. § 23-355(A).

## COUNT III
### Wrongful Termination in Violation of Arizona Employment Protection Act (A.R.S. § 23-1501)

32.     Plaintiff incorporates the foregoing allegations as though fully set forth herein.

33.     Plaintiff reasonably reported to Defendant her honest belief that the sales promotion implemented on or about September 1, 2013 was a fraudulent "bait and switch" ploy and that she refused to participate in the program.

34.     Plaintiff made her report to Defendant's representatives whom she reasonably believed were in a managerial or supervisory position and had the authority to investigate Plaintiff's concerns and take action to prevent the unlawful activity.

35.     Less than two weeks later, Defendant terminated Plaintiff's employment in retaliation for her report in violation of A.R.S. § 23-1501.

36.     As the direct result of Plaintiff's wrongful termination, she has suffered damages, including but not limited to damages for emotional distress, in an amount to be proven at trial.

## COUNT IV
### Defamation/Slander

37.     Plaintiff incorporates the foregoing allegations as though fully set forth herein.

38.     Defendant published false statements about Plaintiff to third parties including but not limited to statements regarding false allegations of professional misconduct by Plaintiff as described above. Those third parties include Oasis Outsourcing, the Arizona Department of Economic Security, other Ideal Image employees, and potentially others.

5

39.     Defendant published those statements maliciously, knowing they were false, and/or with reckless disregard for their falsity. Alternatively, Defendant negligently failed to ascertain the truth or falsity of the statements before making them.

40.     Defendant's false publications impeached Plaintiff's honesty, integrity, virtue, or reputation; brought Plaintiff into disrepute, contempt, or ridicule; and/or would tend to injure Plaintiff in her profession, trade, or business.

41.     As the direct result of Defendant's publication of the above-described false statements, Plaintiff has suffered damages, including but not limited to damages for emotional distress, in an amount to be proven at trial.

WHEREFORE, Plaintiff requests judgment as follows:

(A)     Awarding judgment for Plaintiff and against Defendant;

(B)     Awarding Plaintiff her damages suffered, including but not limited to her earned but unpaid wages and statutory liquidated damages;

(C)     Awarding Plaintiff her reasonable attorneys' fees and costs pursuant to A.R.S. § 12-340.01, the Fair Labor Standards Act, and/or the Arizona Wage Act;

(D)     Awarding Plaintiff pre-judgment and post-judgment interest; and

(E)     Such other and further relief as the Court deems just and proper.

DATED this 25th day of March 2015.

DESSAULES LAW GROUP


By:   /s/ Rachel W. Maron
      Jonathan A. Dessaules
      Rachel W. Maron

      Matthew J. McWilliams
      Attorney at Law

      *Co-Counsel for Plaintiff*

6

1   COPY of the foregoing mailed
2   and e-mailed this 25th day of March, 2015 to:

3   L. Eric Dowell
    OGLETREE DEAKINS NASH SMOAK STEWART PC
4   2415 E Camelback Rd Ste 800
    Phoenix, AZ 85016-9291
5   eric.dowell@ogletreedeakins.com
6   *Attorneys for Defendant Ideal Image*
    *of Arizona, LLC*
7

8
      /s/ Hilary Peters
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

7

Michael K. Jeanes, Clerk of Court
*** Filed ***
04/02/2015 8:00 AM

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2014-095798                                        03/30/2015

                                           CLERK OF THE COURT
HON. DAVID K. UDALL                             K. Tiero
                                                 Deputy

ROSEANNE KENNERLEY              MATTHEW J. MCWILLIAMS

v.

IDEAL IMAGE OF ARIZONA L L C, et al.      L ERIC DOWELL

DOCKET-CIVIL-SE

**PARTIAL CASE DISMISSAL**

The Court has received and reviewed the Plaintiff's Notice of Voluntary Dismissal of Defendant Oasis Outsourcing V, Inc., electronically filed on March 26, 2015. Accordingly,

**IT IS ORDERED** dismissing this matter as to Defendant Oasis Outsourcing V, Inc., only, without prejudice.

Dated this March 30, 2015

/ s / HONORABLE DAVID K. UDALL
_____
HONORABLE DAVID K. UDALL
JUDICIAL OFFICER OF THE SUPERIOR COURT

Docket Code 079                    Form V000A                         Page 1

# Exhibit B

1  L. Eric Dowell, SBN 011458
   Sasha H. Meschkow, SBN 030017
2  Ogletree, Deakins, Nash, Smoak &
   Stewart, P.C., SBN 00504800
3  Esplanade Center III, Suite 800
   2415 East Camelback Road
4  Phoenix, AZ 85016
   Telephone:  602.778.3700
5  Fax:  602.778.3750
   eric.dowell@ogletreedeakins.com
6  sasha.meschkow@ogletreedeakins.com

7  Attorneys for Defendant Ideal Image of
   Arizona, L.L.C.,
8

9        IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

10           IN AND FOR THE COUNTY OF MARICOPA

11  Roseanne Kennerley,                    Case No.  CV2014-095798

12             Plaintiff,                  **NOTICE OF REMOVAL OF
                                           ACTION**
13       v.
                                           (Assigned to: Honorable David Udall)
14
    Ideal Image of Arizona, L.L.C., an Arizona
15  Limited Liability Company; John Does I-
    X; Jane Does I-X; and ABC Corporations
16  I-X

17          Defendants.
18

19       **To the Clerk of the above-entitled Court:**

20       PLEASE TAKE NOTICE that Defendant Ideal Image of Arizona, LLC has filed a

21  Notice of Removal of this action with the United States District Court for the District of

22  Arizona. A copy of the Notice of Removal filed in the United States District Court is

23  attached hereto as Exhibit A.

24

25

26

27

28

1  RESPECTFULLY SUBMITTED this 22nd day of April, 2015.

2          OGLETREE, DEAKINS, NASH, SMOAK &
            STEWART, P.C.
3

4          By:    s/Sasha H. Meschkow
5                 L. Eric Dowell
                  Sasha H. Meschkow
6                 Esplanade Center III, Suite 800
7                 2415 East Camelback Road
                  Phoenix, AZ  85016
8                 Attorneys for Defendants Ideal Image of
9                 Arizona, L.L.C.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Esplanade Center III, Suite 800
2415 East Camelback Road
Phoenix, AZ 85016
Telephone: 602.778.3700

2

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of April, 2015, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants.  I also hereby certify that on the 22nd of April, 2015, I also served the attached document by U.S. Mail on:

Matthew J. McWilliams
18614 E. Oriole Way
Queen Creek, AZ 85142

Jonathan A. Dessaules
Rachel W. Maron
Dessaules Law Group
5353 North 16th Street, Suite 110
Phoenix, AZ 85016

Attorneys for Plaintiff

s/ Cynthia Helentjaris

20830703.1

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Esplanade Center III, Suite 800
2415 East Camelback Road
Phoenix, AZ 85016
Telephone: 602.778.3700

3